## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DELVRENE WALLACE, 181151,

      Petitioner,

v.

                                  CASE NO. 08-11747
                                  HONORABLE GERALD E. ROSEN
                                  CHIEF UNITED STATES DISTRICT JUDGE

NICK LUDWICK,

        Respondent,

_____/

### OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

### I.  INTRODUCTION

Delvrene Wallace, (Petitioner), has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, asserting that he is being held in violation of his constitutional rights.  In his *pro se* application, petitioner challenges his conviction for first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(a).  For the reasons stated below, the petition for writ of habeas corpus is DENIED.

### II.  BACKGROUND

Petitioner was convicted following a jury trial in the Wayne County Circuit Court.  The Michigan Court of Appeals set forth the underlying facts of the crime, which are presumed correct on habeas review. *See Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd*. 41 Fed. Appx. 730 (6th Cir. 2002):

> Petitioner was convicted of sexually assaulting a seven-year-old victim in April 2005. The victim testified that she was visiting at the home of her godmother when Petitioner, who was also present in the home, sexually assaulted her.  She further testified that on the morning of this incident, she was lying on her stomach watching

1

television while others in the house were still sleeping. Petitioner unzipped his pants, lay on top of her, lifted her dress, removed her underwear, and anally penetrated her. The victim did not initially report the incident, but later told her mother.

At trial, Petitioner denied ever inappropriately touching the victim. He testified that when he saw the victim on the morning of the alleged incident, she was upset because she had wet the bed. Petitioner teased the victim, retrieved a washcloth, and told another person in the home to put the victim in the bathtub.

*People v. Wallace*, No. 269202, 2007 WL 2012819, at *1 (Mich. App. July 12, 2007). Petitioner's

conviction was affirmed on appeal. *Id., lv. den.* 480 Mich. 1032, 743 N.W.2d 209 (2008).

In his petition for a writ of habeas corpus, Petitioner raises five claims:

I. HIS DUE PROCESS RIGHTS WERE VIOLATED WHEN THE PROSECUTOR FAILED TO AFFORD DEFENSE COUNSEL TIMELY DISCOVERY;

II.     HIS DUE PROCESS RIGHTS WERE VIOLATED WHEN, THROUGH BAD FAITH OR GROSS NEGLIGENCE, THE VIDEO OF THE VICTIM'S STATEMENT WAS DEFECTIVE;

III. HIS DUE PROCESS RIGHTS WERE VIOLATED BECAUSE THE PROSECUTOR VOUCHED FOR THE CREDIBILITY OF THE VICTIM'S TESTIMONY DURING CLOSING ARGUMENTS;

IV. HIS DUE PROCESS RIGHTS WERE VIOLATED WHEN THE TRIAL COURT, BY GIVING DEADLOCKED JURY INSTRUCTIONS, WAS COERCIVE; and

V. HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED WHEN COUNSEL FAILED TO OBJECT TO ISSUES I THROUGH IV.

For the reasons stated herein, this Court concludes that Petitioner has failed to establish these

claims. Therefore, the petition for writ of habeas corpus will be denied.

### III.  STANDARD OF REVIEW

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition

after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA

provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a State court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication of
> the claim--
>
> (1)      resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.
>
> 28 U.S.C. § 2254(d) (1996).

 "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule

that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of

facts that are materially indistinguishable from a decision of [the Supreme] Court and

nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S.

12, 15-16 (2003)(per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see

also Bell v. Cone*, 535 U.S. 685, 694 (2002).  "[T]he unreasonable application prong of §

2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct

governing legal principle from [the Supreme] Court's decisions but unreasonably applies that

principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)(*quoting

Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal

court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state

court's decision must have been more than incorrect or erroneous.  The state court's application

must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (internal citations

omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a court's review of a federal habeas petition to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  Section 2254(d) "does not require citation of [Supreme Court] cases-indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.  While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, §2254(e)(1) requires that this Court presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1).  A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Id.*; *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV. DISCUSSION

I.      PETITIONER CLAIMS HE WAS DEPRIVED OF HIS DUE
PROCESS RIGHTS WHEN THE PROSECUTOR FAILED TO
AFFORD DEFENSE COUNSEL TIMELY DISCOVERY

A.      Petitioner's First Habeas Claim Is Procedurally Barred.

Petitioner's first claim alleges that the prosecutor failed to afford defense counsel timely discovery.  Respondent contends that review of this claim is barred by Petitioner's failure to request any action at the trial court level.

4

In his appeal before the Michigan Court of Appeals, Petitioner claimed that the prosecutor failed to provide timely discovery, contrary to the rule set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), and furthermore, the trial court failed to impose any remedy for the noncompliance.  Petitioner contended that during the prosecutor's redirect examination of the victim's mother, she asked if the victim's statement was consistent with the statement she had made to the police.  The prosecutor asked the witness to look at a piece of paper, apparently containing the victim's statement to the police.  Defense counsel objected, and a bench conference was held.  Defense counsel described the statement to the police as containing most of the information previously known to the defense and, as a result, did not request any actions by the trial court with regard to the statement.  Because petitioner failed to request any action from the state court, the Michigan Court of Appeals reviewed petitioner's first claim for plain error.  Finding none, the Michigan Court of Appeals rejected petitioner's claim. *Wallace*, No. 269202, 2007 WL 2012819, at *1.

Michigan's contemporaneous-objection rule requires that defendants make timely and specific objections at trial in order to preserve claims for appellate review. *See People v. Carines*, 597 N.W.2d 130, 137-42 (Mich. 1999); *People v. Grant*, 520 N.W.2d 123, 128 (Mich. 1994). Because Petitioner did not object to the trial court's failure to remedy the alleged *Brady* violation during trial, Petitioner's first claim is procedurally barred.  Although the Michigan Court of Appeals engaged in "plain error" review of Petitioner's allegation, this does not constitute a waiver of the state procedural default rules. *See Seymour v. Walker*, 224 F. 3d 542, 557 (6th Cir. 2000).

The Supreme Court has held:

5

> In all cases in which a state prisoner has defaulted his federal claims in state court
> pursuant to [state procedural default rules], federal habeas review of the claims is
> barred unless the prisoner can demonstrate cause for the default and actual
> prejudice as a result of the alleged violation of federal law, or demonstrate that
> failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991)(emphasis added).

A showing of cause requires more than the mere proffer of an excuse. Rather, the existence of cause must "turn on whether the [petitioner] can show some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *see U.S. v. Pelullo*, 399 F.3d 197 (3rd Cir. 2005)("Examples of external impediments which have been found to constitute cause in the procedural default context include 'interference by officials,' 'a showing that the factual or legal basis for a claim was not reasonably available to counsel,' and 'ineffective assistance of counsel.'" (*quoting McCleskey v. Zant*, 499 U.S. 467, 494 (1991)).

In the present case, as cause to excuse the procedural default, Petitioner alleges that he was denied his right to due process, when the prosecution withheld evidence. Relatedly, he claims that because his attorney failed to properly object to the trial court's failure to impose a remedy for the prosecution's noncompliance, he was denied effective assistance of counsel. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claim, the Court will address the merits of the claim. *See e.g. Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

6

    B.    Even if Petitioner's *Brady* violation claim is not procedurally barred, Petitioner has failed to establish a *Brady* violation where the prosecutor showed the victim's mother a "piece of paper" <u>containing the victim's statement to the police.</u>

Petitioner alleges that habeas relief is warranted because the prosecution knowingly withheld a "piece of paper" containing the victim's statement to the police. As a result of this violation, Petitioner claims the trial court's decision was based on an unreasonable determination in light of the evidence.

A criminal defendant has a due process right of access to information possessed by the prosecution. *Brady*, 373 U.S. at 83. Suppression of evidence by the government can be the basis of habeas relief only where the evidence is material with regard to either guilt or punishment. *U.S. v. Bagley*, 473 U.S. 667 (1985). There are three components of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the state, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

Applying the *Brady* standard, the Michigan Court of Appeals denied relief on this claim. The court determined that, contrary to the Petitioner's claim, defense counsel already possessed essentially the same information contained in the statement. Moreover, being that the statement was apparently consistent with the testimony given by the victim and her mother, the evidence was not exculpatory to the defendant. Furthermore, Petitioner did not present any new evidence that would suggest that the statement could be exculpatory. As the appeals court explained, "although [the] defendant speculates that earlier receipt of the information may have affected the outcome of his case, he makes no specific claims regarding the *actual* effect." *Wallace*, No.

269202, 2007 WL 2012819, at *2)(emphasis original).

Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *Cross v. Stovall*, 238 Fed. Appx. 32, 39-40 (6th Cir. 2007). Petitioner does not offer any evidence to this Court that establishes that the victim's statement was exculpatory. Evidence is not exculpatory or impeaching under *Brady* where it does not contradict any testimony offered by the witness at trial. *See Thompson v. Cain*, 161 F. 3d 802, 807 (5th Cir. 1998).

Secondly, the statement was disclosed to petitioner during trial. *Brady* generally does not apply to the delayed disclosure of exculpatory information, but only to a complete failure by the prosecutor to disclose such information. *See United States v. Davis,* 306 F. 3d 398, 421 (6th Cir. 2002)(internal citations omitted). If previously undisclosed evidence is disclosed during trial, no *Brady* violation occurs unless the defendant is prejudiced by its tardy disclosure. *United States v. Word*, 806 F. 2d 658, 665 (6th Cir. 1986); *See also United States v. Benc*s, 28 F. 3d 555, 560-61 (6th Cir. 1994). In *Bencs,* the Sixth Circuit noted that "[T]he Supreme Court rejected the claim that the duty to disclose hinges on the usefulness of the material to pretrial preparation. Such a standard would 'necessarily encompass incriminating evidence as well as exculpatory evidence, since knowledge of the prosecutor's entire case would always be useful in planning the defense.'" *Bencs,* 28 F. 3d at 560, n. 5 (*quoting United States v. Agurs,* 427 U.S. 97, 112, n. 20 (1976)). In the present case, any claim that the late disclosure of these discovery materials may have precluded defense counsel from adequate trial preparation is non-cognizable pursuant to *Bencs* and *Agurs. See Burns v. Lafler,* 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004).

Having reviewed the record, this Court agrees that Petitioner has failed to establish a *Brady* violation. Habeas relief is not warranted with regard to this claim.

8

    C.      Petitioner cannot demonstrate that he was denied effective assistance of counsel when counsel failed to request a remedy for the alleged *Brady* violation.

Petitioner claims, as cause to excuse his default, that he was denied the effective assistance of counsel, when counsel failed to request a remedy for the alleged discovery violation.

A failure of counsel to request remedy for noncompliance can, in certain circumstances, constitute ineffective assistance of counsel. *See McCleskey v. Zant*, 499 U.S. at 494. Courts presume that counsel is effective, however, and the defendant bears a heavy burden of proving otherwise. *Strickland v. Washington*, 466 U.S. 668, 669 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test to determine whether a habeas petitioner received ineffective assistance of counsel. First, a petitioner must prove counsel's errors were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. To do this, the petitioner must demonstrate that counsel's performance fell "below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must establish that "counsel's deficient performance prejudiced the defense." *Id.* To do this, the petitioner must show that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. Additionally, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.; *see Tinsely v. Million*, 399 F.3d 796, 802 (6th Cir. 2005)("[T]he focus should be on whether the result of the trial was fundamentally unfair or unrealiable.")(*quoting Lockhard v. Fretwell*, 506 U.S. 364, 369 (1993)).

9

The Michigan Court of Appeals denied relief on this claim.  That decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or facts.  In light of the fact that the victim's statement was disclosed to petitioner at trial, petitioner has failed to show that trial counsel was ineffective for failing to object to any alleged *Brady* violation. *See e.g. McMeans v. Brigano,* 228 F. 3d 674, 684-85 (6th Cir. 2000).  Counsel is not obligated to make a meritless objection, and an attorney's failure to raise a meritless argument cannot form the basis of a successful ineffective assistance of counsel claim. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

Even assuming *arguendo* that counsel was deficient, Petitioner fails to demonstrate that there is a reasonable probability that the proceeding would have been different had counsel requested a remedy to the alleged *Brady* violation. *Strickland*, 466 U.S. at 687 ("There is no reason for a court deciding an ineffective assistance claim…to address both components of the inquiry [i.e., deficient performance and prejudice] if the defendant makes an insufficient showing on one.").  The standard of prejudice for an ineffective assistance of counsel claim is the same as the materiality requirement for a *Brady* claim. *See Hutchison v. Bell,* 303 F. 3d 720, 749 (6th Cir. 2002).  Given that the victim's statement was not exculpatory, petitioner has failed to demonstrate that his defense was prejudiced by counsel's allegedly deficient performance.  Because Petitioner is unable to satisfy the *Strickland* standard, habeas relief is not warranted on this claim.

II.    PETITIONER ALLEGES THAT HE WAS DEPRIVED HIS DUE
        PROCESS RIGHTS WHEN, THROUGH BAD FAITH OR
        GROSS NEGLIGENCE, THE VIDEO OF THE VICTIM'S
        STATEMENT WAS DEFECTIVE.

A.    <u>Petitioner's Second Habeas Claim Is Procedurally Barred.</u>

Petitioner's second claim alleges that he is entitled to habeas relief because the video of the victim's interview conducted by a support service was destroyed in bad faith. Petitioner contends that the video's lack of sound completely eliminated the objectivity of the victim's statement.

At trial, a Sex Crimes Unit police officer testified that, because of the victim's young age, she underwent an interview by non-police personnel at Kids Talk, a rehabilitative and support service in Wayne County, where children who are allegedly molested go for forensic interviews. The interview was videotaped. The purpose of this type of interview is to improve the likelihood that the young child is telling the truth and reduce the possibility of implanted answers. The officer investigating the victim's allegations explained that after observing the victim's interview, she returned to her office to prepare a report using the video tape, however, the tape had no sound. The prosecutor's office made a second tape, but it too had no sound. At trial the defense counsel did not object to the mechanical failure, or any testimony stemming from the Kids Talk videotaped interview. Instead, defense counsel used the interview during his cross-examination of the officer to challenge the effectiveness of the procedure used by Kids Talk and the investigating officer to evaluate the credibility of the victim.

Because petitioner did not object to this alleged due process violation at trial, the Michigan Court of Appeals reviewed the claim for plain error, and finding none, rejected petitioner's claim. *Wallace*, No. 269202, 2007 WL 2012819, at * 2. As discussed in the previous

11

section, the failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *Carines*, 597 N.W.2d at 137-142.  Absent a showing of "cause and prejudice" or possible "miscarriage of justice," federal habeas review of such procedurally-defaulted claims is barred. *Coleman*, 501 U.S. at 750.

> B.      Petitioner fails to demonstrate that the video malfunction was the result of bad faith or gross negligence on the part of the police, or that the lack of audio prejudiced the trial such that the result was fundamentally unfair.

Petitioner alleges that the lack of sound on victim's Kids Talk interview videotape was the result of gross negligence or bad faith on the part of the police.

The failure of police to preserve potentially exculpatory evidence can be the basis of a habeas claim if the petitioner can show that police acted in bad faith. *Malcum v. Burt*, 276 F. Supp. 2d 664, 683 (E.D. Mich. 2003) (*citing Arizona v. Youngblood*, 488 U.S. 51 (1988)).  To establish that the failure to preserve potentially exculpatory evidence constituted a denial of due process, a petitioner must show: (1) the government acted in bad faith in failing to preserve the evidence; (2) the exculpatory value of the evidence was apparent before its destruction; and (3) the nature of the evidence was such that the defendant would be unable to obtain comparable evidence by other means. *Monzo v. Edwards*, 281 F.3d 568, 580 (6th Cir. 2002).

The Michigan Court of Appeals denied relief on this claim.  The court explained that Petitioner's claim lacked merit because there was no indication that the prosecution or the police destroyed the audio component of the videotape; there was no basis for concluding that the police or the prosecution acted in bad faith; and petitioner failed to demonstrate that the "destroyed" evidence was exculpatory. *Wallace*, No. 269202, 2007 WL 2012819, at * 2.

12

This decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or facts.  Although the failure to detect or ameliorate the sound malfunctions may have constituted negligence, mere negligence by itself is insufficient to establish bad faith. *Arizona v. Youngblood*, 488 U.S. at 56.  Additionally, Petitioner's assertion that the video's audio component could have exonerated him is purely conclusory, and without evidentiary support, cannot provide a basis for habeas relief. *Cross,* 238 Fed. Appx. at 39-40. Therefore, habeas relief is not warranted on this claim.

> C.      Petition cannot demonstrate that he was denied effective assistance
>          of counsel, when counsel failed to move to suppress any testimony
>          "flowing from" Kids Talk.

Petitioner next alleges that he is entitled to habeas relief because trial counsel was ineffective for failing to move to suppress any testimony "flowing from" the Kids Talk video. To establish that he received ineffective assistance of counsel, the Petitioner must first show that the performance of counsel fell "below the objective standard of reasonableness."  This requires that the petitioner rebut the presumption that counsel's "challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.  Because of the distorting effects of hindsight, decisions regarding whether to present evidence or evidence or question witnesses are presumed to be matters of trial strategy. *People v. Mitchell*, 560 N.W.2d 600, 609 (Mich. 1997). Furthermore, "it is critical that courts be 'highly deferential' to counsel's reasonable strategic decisions and guard against the temptation to engage in hindsight." *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002).  Defense Counsel must, however, conduct a reasonable investigation into the facts of a defendant's case. *Wiggins v. Smith*, 539 U.S. at 522-23. Inattention or negligence, as opposed to reasoned strategic judgment, is inexcusable. *Id*. at 526.

13

Petitioner has not put forth sufficient evidence to demonstrate that trial counsel's performance was objectively unreasonable.  Rather than objecting to the audio malfunction or moving to suppress any testimony that flowed from Kids Talk, defense counsel incorporated the Kids Talk interview into his cross-examination, utilizing the mechanical failure to challenge the effectiveness of the procedures used to evaluate the child accuser's credibility.  It cannot be said that this decision was either contrary to the Sixth Amendment, or so deficient such that the defense was prejudiced.  It would be improper to judge counsel regarding matters of trial strategy or assess counsel's competence with the benefit of hindsight.   Furthermore, Petitioner has failed to demonstrate, beyond mere speculation, that but for counsel's decision there was a fair probability the outcome would have been different.  Thus, habeas relief is not warranted on this claim.

III.   PETITIONER CLAIMS HE WAS DEPRIVED OF HIS DUE PROCESS RIGHTS WHEN THE PROSECUTOR VOUCHED FOR THE CREDIBILITY OF THE VICTIM'S TESTIMONY DURING CLOSING ARGUMENTS.

A.   Petitioner's Third Habeas Claim Is Procedurally Barred.

In his third habeas claim, Petitioner alleges prosecutorial misconduct.  Specifically, he alleges that he was denied due process because the prosecutor impermissibly vouched for the integrity of the victim when she said during closing arguments that the "[victim] told the truth." Petitioner did not object to the prosecutor's closing arguments at trial.  In the last reasoned opinion, the Michigan Court of Appeals held that because the Petitioner "failed to object to the prosecutor's remarks" his claim was procedurally barred. *Wallace*, 2007 WL 2012819, at *3. Petitioner's claim is barred for review "absent a showing of cause for noncompliance and actual

14

prejudice . . . or a showing of fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750-751.  As cause to excuse his procedural default, the Petitioner claims that he was denied effective assistance of counsel when defense counsel failed to object to the misconduct.

      B.     Petitioner fails to demonstrate that the prosecution impermissibly vouched for the victim's credibility during closing arguments.

Prosecutorial misconduct claims are reviewed deferentially in the context of habeas petitions. *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004).  This inquiry is directed to deciding whether the state court's ruling on the issue was a reasonable application of established federal law. *Frazier v. Huffman*, 343 F.3d 780, 791 (6th Cir. 2003).

Vouching for the credibility of witness during closing arguments can, in certain circumstances, constitute prosecutorial misconduct. *U.S. v. Krebs*, 788 F.2d 1166, 1176 (6th Cir. 1986).  The federal courts have generally recognized two types of objectionable vouching.  First, the prosecutor supports the integrity of a witness by indicating a personal belief in the witness's credibility. *U.S. v. Francis*, 170 F.3d 546, 550-51 (6th Cir. 1999).  Second, the prosecutor invites the jury to believe that there is other evidence, known to the prosecutor but not introduced into evidence, corroborating a particular witness' testimony. *Id.*  To establish impermissible vouching, a petitioner must show more than erroneous conduct.  Rather, the misconduct must be so egregious as to deny the petitioner a fundamentally fair trial. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643-45 (1974); *Pritchett v. Pitcher*, 117 F.3d 959, 965 (6th Cir. 1997) (prosecutorial misconduct must be so pronounced and persistent that it permeates entire atmosphere of trial or so gross as to prejudice the defendant).  The Sixth Circuit has expressed "reluctan[ce] to grant habeas petitions based on improper prosecutorial statements at closing arguments." *Wilson v.*

*Mitchell*, 250 F.3d 388, 298 (6th Cir. 2001). In this regard, when a petitioner makes a claim of

prosecutorial misconduct "the touchstone of due process analysis . . . is the fairness of the trial,

not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982).

To determine whether a prosecutor has impermissibly vouched for the credibility of a

witness, the Sixth Circuit has adopted a two-step approach. *United States v. Galloway*, 316 F.3d

624, 632 ( 6th. Cir. 2007); *United States v. Carroll*, 26 F.3d 1380, 1385-90 (6th Cir. 1994).

First, the court must determine whether the remarks were improper. *Galloway*, 316 F.3d at 632;

*Francis,* 170 F.3d at 549. Second, the court must determine whether the remarks were flagrant.

*Francis*, 170 F.3d at 549. There are four factors used to determine whether an improper

statement is flagrant: (1) whether the statements tended to mislead the jury or prejudice the

defendant; (2) whether the statements were isolated or  among a series of improper statements;

(3) whether the statements were deliberately or accidentally placed before the jury; (4) and the

strength of the competent proof to establish the guilt of the accused. *United States v. Leon*, 534

F.2d 667, 678-83 (6th Cir. 1976).

Here, the prosecutor, during rebuttal, remarked twice that the victim had "told the truth."

These statements were made in the context of the prosecutor refuting defense counsel's assertion

during defense counsel's closing argument that the victim's testimony was inconsistent and not

credible. As noted by the Court of Appeals, "in making the challenged remark, the prosecutor

discussed the consistency of the victim's testimony and her demeanor, and argued that there

were reasons to conclude that the victim was credible." *Wallace*, 2007 WL 2012819, at *4.

Petitioner fails to demonstrate that the prosecutor engaged in either type of impermissible

vouching during closing arguments. The prosecutor did not explicitly offer her personal

16

assurances that the victim was telling the truth.  Nor did she imply that the victim's testimony was supported by evidence that was not presented at trial. *See Dorsey v McKune*, 553 F. Supp. 2d 1287, 1295 (D. Kan. 2008).

Even assuming that the prosecutor's statements, taken out of the context of the surrounding argument, were improper, Petitioner fails to show they were flagrant under the factors enunciated in *Leon*.  The comments were used to refute contentions made by defense counsel, rather than to mislead jury or prejudice the defendant.  There is no evidence of ill will on the part of the prosecutor and the prosecutor mitigated the impact of the statements during the argument by properly referring to testimony.  Finally, the statements were brief and the appeals court found the statements to be neither flagrant nor gross.  Therefore, the statements had little likelihood of having changed the outcome of the trial, and were not inconsistent with substantial justice. *See Thornburg v. Mullin*, 422 F.3d 1113, 1132 (10th Cir. 2005).

Furthermore, the trial court, in the final jury instructions, explained to jurors that lawyers' closing arguments are not evidence.  The Sixth Circuit has held that these instructions are sufficient to cure any improprieties which occur during closing arguments. *Byrd v. Collins*, 209 F.3d 486, 538 (6th Cir. 2000).  As a result, these curative instructions further demonstrate that the prosecutor's statements were not sufficient to so infect petitioner's trial with unfairness as to make the resulting conviction a denial of due process. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986); *Eberhardt v. Bordenkircher*, 605 F.2d 275, 280 (6th Cir. 1979).

Petitioner fails demonstrate that the prosecutor engaged in either type of impermissible vouching during closing arguments.  Thus his claim fails to meet the high standard required to establish prosecutorial misconduct.  Habeas relief is not warranted on this claim.

17

C.    Petitioner cannot establish that counsel was ineffective by failing
      to object to the prosecutor's remarks.

Petitioner also argues that he was denied the effective assistance of counsel because defense counsel failed to object to the prosecutor's remarks.

The Michigan Court of Appeals, applying the *Strickland* standard, denied relief on this claim.  The court held that, contrary to the petitioner's allegation, "the trial court's instructions adequately protected [Petitioner's] rights."*Wallace*, 2007 WL 2012819 at 4.  Thus, the petitioner "cannot demonstrate that there is a reasonable probability that, but for counsel's failure to object, the result of the proceeding would have been different." *Id.*

Having reviewed the record, this Court agrees with the Court of Appeals' decision that the Petitioner has failed to establish that he was prejudiced by counsel's performance so as to satisfy the *Strickland* standard.  Because the prosecutor's comments did not amount to improper vouching, counsel's failure to object to the prosecutor's comments was not ineffective assistance of counsel. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 866 (E.D. Mich. 2003).  Habeas relief is not warranted on this claim.

IV.    PETITIONER CLAIMS HE WAS DEPRIVED OF HIS DUE
       PROCESS RIGHTS WHEN THE TRIAL COURT GAVE
       DEADLOCK JURY INSTRUCTIONS TO THE JURY.

A.    Petitioner's Fourth Claim Is Procedurally Barred.

Petitioner's fourth claim alleges that he was denied the right to a fair trial when the trial court failed to declare a mistrial after the jury twice indicated that it was deadlocked.

On March 1, 2006, at 9:09 a.m., after the trial court completed giving its final instructions, the jury began deliberations.  At 1:53 p.m., the court reconvened and indicated that

18

before the lunch break the jury had sent a note saying that it was "unable to come to a unanimous decision." Without objection, the court read the "deadlocked jury" instruction, and ordered the jury to continue deliberating. At 3:25 p.m., the jury sent a note indicating that it could not "come to a unanimous agreement." After discussion with counsel, the court placed the following on the record:

> I have spoken with the attorneys briefly off record…I'm not prepared to throw in the towel just yet. They have been out since about 9:30 this morning, taking into account lunch. They haven't been out to the point where I don't think that further deliberation might be fruitful one way of the other.

At 3:27, the trial court again instructed the jury. The jury was excused at 3:40 p.m., and resumed deliberations on March 2, 2006, at 9:00 a.m. At 1:45 p.m., the jury returned its verdict. The jurors were individually polled and each agreed with the verdict.

In this case, the Michigan Court of Appeals denied the jury instruction claims based upon a state procedural bar, namely, defense counsel's affirmative agreement with the trial court's jury instructions and his failure to object to the instructions at trial effectively barred Petitioner's right to bring such a claim on appeal. *Wallace*, 2007 WL 2012819 at 4.

At issue here are the rules governing waiver and forfeiture. As discussed in the preceding sections, a party forfeits a claim when he fails to make a timely and specific objection at trial. *People v. Carines*, 597 N.W.2d 130, 137 (Mich. 1999). Waiver on the other hand, "has been defined as the intentional relinquishment or abandonment of a known right." *People v. Carter*, 612 N.W.2d 144, 215 (Mich. 2000). The express approval of a procedure as opposed to mere failure to object "constitutes a waiver that extinguishes any error." *Id*. at 216. By affirmatively agreeing to the jury instructions, Petitioner's action constituted a waiver of his

rights. Therefore, he extinguished any possible error in the jury instructions.  Unless, Petitioner

can demonstrate cause and actual prejudice, or show that failure to consider his claims will result

in a fundamental miscarriage of justice, habeas review is barred. *See McKissic v. Birkett,* 200

Fed. Appx. 463, 471 (6th Cir. 2006).

Petitioner alleges that by giving deadlock instructions, the trial court coerced the jury,

thus prejudicing the defense and preventing a substantially fair trial.  Relatedly, Petitioner claims

that he was denied effective assistance of counsel, when defense counsel failed to move for a

mistrial, as cause to excuse his procedural default.

B.      Petitioner cannot establish that the trial court prejudiced the
        defense or prevented a substantially fair trial by twice giving
        deadlocked jury instruction.

In order for habeas relief to be warranted on the basis of incorrect jury instructions, a

petitioner must establish more than that the instructions were undesirable, erroneous or

universally condemned. *Estelle v.McGuire*, 502 U.S. 62, 71 (1991). Rather, Petitioner must show

that the instructions, taken as a whole, were so infirm that they rendered the entire trial

fundamentally unfair. *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977).  Furthermore, a jury

instruction is not to be judged in isolation, but rather, must be considered in the context of the

instructions as a whole and the trial court record. *Grant v. Rivers*, 920 F. Supp. 769, 784 (E.D.

Mich. 1996). State law instructional errors rarely form the basis for federal habeas relief. *Estelle*,

502 U.S.at 71-72.

The deadlocked jury instructions given in this case did not render Petitioner's trial

fundamentally unfair.  The supplemental instructions as a whole were not coercive. The

instructions provided scheduling information and stressed the jurors' need to continue their

20

deliberations.  The trial court judge's instructions were based on the standard Michigan criminal jury instruction on deadlocked juries, *see* CJI2d 3.12, and they were consistent with the instructions for deadlocked juries that was enunciated in *Allen v. United States*, 164 U.S. 492 (1896), which encourages jurors to resume deliberations, to be candid with each other, and to respect their fellow jurors' opinions.  Having reviewed the record, this Court agrees with the Court of Appeals' decision that because of the brevity of deliberations that occurred before the jury indicated that it was deadlocked, the "trial court reasonably surmised that the jury might be able to reach a verdict after hearing the [deadlock] instruction." *Wallace,* 2007 WL 2012819 at *6; *see also People v. Lett*, 644 N.W.2d 742, 748 (Mich. 2002)(A trial judge's decision to discharge a jury when he concludes that it is deadlocked is entitled a great degree of deference and will not be reversed absent abuse of discretion.)  The instructions were not given in a manner that implied that the jury had to deliberate for any specific length of time.  Nor has Petitioner made any material allegations demonstrating that the trial court abused its discretion.  Thus, the instructions properly reflected applicable law and were not inconsistent with substantial justice. Habeas relief is not warranted on this claim.

> C.    Petitioner cannot establish ineffective assistance of counsel as cause to excuse his procedural default, when counsel failed to move for a mistrial.

Petitioner, as cause to excuse his procedural default, argues that he was denied effective assistance of counsel when counsel failed to move for a mistrial.

Applying the *Strickland* standard the Michigan Court of Appeals denied relief on this claim. The court explained:

> It was not unreasonable for the trial court to conclude that it was premature to

declare a mistrial, and its supplemental instructions advising the jury to continue deliberating were not coercive. Considering that the jury had not deliberated for very long before indicating that it was deadlocked, the trial court reasonably surmised that the jury might be able to reach a verdict after hearing relevant instructions and discussing the case in the context of those instructions… Under these circumstances, had defense counsel moved for a mistrial, the trial court would have properly exercised its discretion in denying it.

*Wallace*, 2007 WL 2012819, at *5.

Having reviewed the record, this Court agrees with the Court of Appeals' decision. A mistrial should only be granted if an irregularity is prejudicial such that it impairs the defendant's ability to receive a fair trial. *People v. Alter*, 659 N.W.2d 667 (Mich. App 2003). Petitioner has failed to present any information that indicates that had counsel moved for a mistrial the result of the preceding would have been different. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *Cross*, 238 Fed. Appx. at 39-40. As a result, Petitioner has failed to establish that trial counsel was deficient, nor that he was prejudiced by counsel's performance so as to satisfy the *Strickland* standard. Habeas relief is not warranted on this claim.

V.     PETITIONER CLAIMS HE WAS DEPRIVED HIS RIGHT TO
       THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN
       <u>COUNSEL FAILED TO OBJECT TO ISSUES I THROUGH IV.</u>

For the reasons stated above, Petitioner has failed to demonstrate that he was denied effective assistance of counsel, when counsel failed to object to issues I through IV. As a result, habeas relief is not warranted with regard to this claim.

Furthermore, Petitioner fails to demonstrate that the failure to consider his claims will result in a fundamental miscarriage of justice. *Lundgen*, 440 F.3d at 764. A fundamental miscarriage of justice results from the conviction of an individual who is actually innocent. *Murray*, 477 U.S. at 496. Petitioner, however, has not presented any new reliable evidence to

support any assertion of innocence; therefore a miscarriage of justice will not occur if the Court declines to review the procedurally defaulted claims on their merits. *Alexander v. Smith*, 342 F. Supp. 2d 677, 685 (E.D. Mich. 2004). Accordingly, Petitioner is not entitled to habeas relief on his claims.

### IV.  CONCLUSION

For the reasons stated, the Court concludes that Petitioner Delvrene Wallace is not entitled to federal habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.28 U.S.C. § 2253(c)(2).  When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).  The

Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001); See Fed. R. App. P. 24(a).

## V.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  August 31, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on ___August 31, 2009___, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: ___Joseph A.Puleo_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
___Delvrence Wallace, #181151, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784_____.


s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(313) 234-5137